PETER ADAMS, ET AL.       \*       **NO. 2024-C-0282**

**VERSUS**       \*       **COURT OF APPEAL**

**ENTERGY NEW ORLEANS, INC.**       \*       **FOURTH CIRCUIT**

      \*       **STATE OF LOUISIANA**

      \*

      \*

**\* \* \* \* \* \* \***

*TGC*

**CHASE, J., DISSENTS WITH REASONS**

I respectfully dissent and would deny the writ finding the trial court was not required to make a written request to the Louisiana Supreme Court for the appointment of an ad hoc judge. I find that the trial court's denial and issuance of reasons under La. C.C. P. art. 154(C) negates the referral to the Louisiana Supreme Court. Rather, we should review this matter under our supervisory jurisdiction. In *Arvie v. Washington*, *unpub.*, 2023-563 (La.App. 3 Cir. 5/1/24), ___So.3d___, 2024 WL 1896193, Mr. Arvie sought to recuse the entire Court of Appeal, Third Circuit, citing La. C.C.P. art 151(B) as his grounds for recusal. He also requested the appointment of a judge ad hoc. The Third Circuit, *en banc,* issued an order and reasons denying Mr. Arvie's motion stating that no substantial or objective basis under La. C.C.P. art 151 exists. Mr. Arvie sought writs to the Louisiana Supreme Court seeking review of the appellate court's denial and refusal to request the appointment of an ad hoc judge. In a 6-0 decision, the Supreme Court denied writs. *Arvie v. Washington*, 2023-01482 (La. 1/17/24), 377 So.3d 240.

In the case *sub judice*, the trial court availed itself of the provisions in La. C.C.P. art 154(C) and issued written reasons, stating that it did not find the allegations in the motion amounted to a "substantial objective basis" to justify recusal. Jurisprudence has recognized that "where the motion to recuse does not set

forth affirmative allegations of fact stating valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge." *State v. Williams*, 601 So.2d 1374, 1375 (La. 1992) (citations omitted). Thus, since the trial court made a finding that the motion fails to set forth a ground for recusal under La. C.C.P. art. 151, the only issue for this Court is whether such finding was an abuse of the trial court's discretion. I would find the trial court did not err. Accordingly, I would deny the writ.